829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BLUE RIDGE ENERGY, INC., Plaintiff-Appellant,
v.
Billy Tyrone BURKE, Billy Tyrone Burke, d/b/a Hydro/Jector,
Defendants-Appellees.
 No. 85-5265
 United States Court of Appeals, Sixth Circuit.
 September 18, 1987.
 
 Before CORNELIA G. KENNEDY and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Blue Ridge Energy, Inc. ('Blue Ridge'), appeals from the jury verdict for appellees, Billy Tyrone Burke ('Burke') and Billy Tyrone Burke d/b/a Hydro/Jector. Blue Ridge filed this action seeking an accounting for monies that Blue Ridge had advanced to Burke for the construction of a portable coal washing plant. The complaint asserted diversity jurisdiction under 28 U.S.C. Sec. 1332. When Blue Ridge learned, shortly before trial, that Burke had patented the machine used at the plant, Blue Ridge sought to amend its complaint to assert an equitable interest in the patent on the machine. The District Court granted this motion. After the jury returned a verdict for Burke, the District Court entered a judgment dismissing Blue Ridge's complaint. Subsequently, Blue Ridge filed a motion for judgment n.o.v. and, in the alternative, motions for a new trial and to modify, amend or vacate the judgment. Blue Ridge argued that the patent was a 'joint invention' and, alternatively, that the equitable 'shop right' or 'implied license' doctrine applied. The District Court overruled the motions, and Blue Ridge appealed. We affirm.
 
 
 2
 On appeal, we held that this Court lacked jurisdiction to hear the appeal. We believed that the Federal Circuit had exclusive jurisdiction of the appeal because this case arose in part 'under an Act of Congress relating to patents.' 28 U.S.C. Secs. 1295(a)(1), 1338(a). Blue Ridge Energy, Inc. v. Billy Tyrone Burke, No. 85-5265, slip op. at 5 (6th Cir. 1986). Accordingly, pursuant to 28 U.S.C. Sec. 1631, we transferred the case to the United States Court of Appeals for the Federal Circuit. That court held, however, that it did not have jurisdiction over the appeal because appellant's pleadings did not assert some right, title or interest under the patent statutes, or make it appear that some right or privilege would be defeated by one construction, or sustained by the opposite construction of these statutes. Blue Ridge Energy, Inc. v. Billy Tyrone Burke, No. 86-1333, slip op. at 5 (Fed. Cir. 1987). Consequently, the court transferred the appeal back to the Sixth Circuit pursuant to 28 U.S.C. Sec. 1631. In view of the Federal Circuit's decision that we have jurisdiction, we turn to the merits of the appeal.
 
 I.
 
 3
 Appellee held a sublease on a coal refuse pile located in David, Kentucky. He intended to recover coal from this pile using a dry screening process. The parties entered into an agreement whereby appellant advanced $1,000.00 to appellee against the purchase of coal that was to be cleaned by appellee at the David site. Appellee used this money to repair some equipment on the site.
 
 
 4
 The parties decided to build a portable coal washer on the site because they concluded that the dry screening process was ineffective in cleaning the coal. Appellant advanced money to appellee toward the development of the machine, although there was considerable disagreement at trial regarding how much of this money actually represented an investment in the machine. Appellee did, however, transfer to appellant a one-half interest in the machine and other pieces of equipment at the David site before appellant filed this action. The parties also formed a corporation known as Closed Systems, Inc. in August, 1981, after appellee constructed the machine at the David site. Mr. Winter, appellant's president, testified that one of the purposes of this corporation was to use the original machine at the David site and similar machines subsequently constructed to clean coal and to market and sell the machines. Appellee testified that the purpose of forming Closed Systems was limited to putting the machine at the David site into operation. Appellee, unknown to appellant, entered into an agreement with third parties to form a corporation known as Hydro/Jector for the purpose of manufacturing and selling machines identical to the machine at the David site. Appellant then filed suit for an accounting of all monies it had advanced to appellee, and amended its complaint to claim a fifty percent interest in any patent rights appellee had in the machine.
 
 
 5
 After a trial on January 30-31, 1985, a jury returned the following verdict for appellee:
 
 
 6
 We the Jury agree and find from the evidence but the agreement between the plaintiff and defendant was for a one-half interest in the design and manufacture of one coal washing machine at David, Kentucky, and there was no other agreement as to the manufacture[,] distribution and sale of additional machines of similar design.
 
 
 7
 Joint Appendix at 15.
 
 II.
 
 8
 Appellant contends that the District Court erred in denying its motions for judgment n.o.v. and to alter, modify, or vacate the judgment. Appellant bases its argument that it is co-owner of the patent issued to appellee on the 'joint invention' and the 'shop right' doctrines. First, appellant contends that appellant and appellee were joint inventors of the machine. In support of this contention, it cites General Motors Corp. v. Toyota Motor Co., 667 F.2d 504 (6th Cir. 1981), cert. denied, 456 U.S. 937 (1982). There, this Court stated:
 
 
 9
 If several persons collaborate to produce a joint invention, the conceptions and inventions of one of them will be assimilated into the joint invention only if those conceptions and inventions were generated by the collaborative effort which produced the joint invention. Therefore a conception or invention which is developed by a joint inventor before commencement of the collaborative effort never can be treated as the conception of a joint invention or as a joint invention because it is not the result of a collaborative effort to produce a joint invention. However, if the prior conception or invention is modified as a result of a collaborative effort, the modified conception or invention may become the conception of a joint invention or a joint invention.
 
 
 10
 Id. at 506 (quoting General Motors Corp. v. Toyota Motor Co., 467 F. Supp. 1142, 1162-63 (S.D. Ohio 1979)).
 
 
 11
 The standard for determining whether the District Court erred in denying appellant's motion for a judgment n.o.v. is the same standard applied by the District Court in determining whether a judgment n.o.v. should be granted. The issue raised by a motion for a judgment n.o.v. is whether there was sufficient evidence to raise a question of fact for the jury. O'Neill v. Kiledjian, 511 F.2d 511 (6th Cir. 1975). In making this determination, the court may neither weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury. Instead, the court must view the evidence in the light most favorable to the non-moving party, drawing from that evidence all reasonable inferences in the parties' favor. Chappell v. GTE Products Corp., 803 F.2d 261, 263 (6th Cir. 1986), cert. denied, 107 S. Ct. 1375 (1987).
 
 
 12
 We believe that sufficient evidence existed raising a question of fact for the jury. Although Mr. Winter testified that he met with appellee and discussed the design and construction of the first machine, appellee testified that Winter played no role in designing the machine. Furthermore, one of appellee's employees testified that appellee had the plans for the machine, assisted in its construction, and made changes in the plans as the construction progressed. This employee also testified that Mr. Winter gave no input into the machine's construction, although Winter visited the site while the machine was being constructed on several occasions. TR. at 50-51. Appellant presented evidence that Mr. Northcott, a friend of Mr. Winter, visited the David site and made several suggestions to appellee after appellee had constructed the machine. Mr. Northcott, however, was an independent consultant and had never worked for appellant. Thus, even if these suggestions were essential to the machine's design, appellant cannot rely on them to support its joint invention theory. Accordingly, because there was sufficient evidence presented to raise a material issue of fact for the jury, the District Court did not error in denying appellant's motion for a judgment n.o.v. Similarly, we believe that the District Court did not abuse its discretion in denying appellant's motion to modify, amend, or vacate the judgment on the basis of the 'joint invention' theory.
 
 
 13
 Second, appellant contends that the District Court erred in not granting its motion for a judgment n.o.v. or its motion to modify, amend, or vacate the judgment to practice the invention embodied in appellee's patent on the basis of the 'shop right' or 'implied license' theory. The 'shop right' or 'implied license' theory is an equitable defense to a patent infringement action. The employer has a 'shop right' or 'implied license' to practice an invention, ordinarily without paying a royalty, where the employee, during his hours of employment, working with his employer's materials, machines, and facilities, conceives and perfects an invention for which he or she obtains a patent. Deller's Walker on Patents 507 (2d ed. 1964). The inventor must give the employer a non-exclusive right or license to practice the invention. Francklyn v. Guilford Packing Co., 695 F.2d 1158 (9th Cir. 1983). See also United States v. Dubilier Condenser Corp. 289 U.S. 178 (1933).
 
 
 14
 The District Court properly denied appellant's post-trial motions based on the 'shop right' or 'implied license' theory. Appellant brought an action seeking an accounting for monies that Blue Ridge had advanced to appellee for the construction of the coal washing plant, and amended the complaint asserting an equitable interest in the patent on the machine. This also was the recovery appellant sought at trial. Appellant did not seek a determination that it had a right to practice the invention embodied in appellee's patent. That issue has not been pled or tried.
 
 
 15
 Appellant finally asserts that it is entitled to a new trial because the jury instructions were inadequate since they did not set forth appellant's entire theory of the case. Appellant contends that the court should have instructed the jury to consider whether the patent secured by appellee was a result of the knowledge and expertise appellee gained in performance of the parties' agreement. The District Court submitted the following instructions, in the form of two form verdicts, to the jury:
 
 
 16
 We the jury agree and find from the evidence that the agreement between the Plaintiff and the Defendant was for one-half interest in the design and manufacture of one coal washing machine to process coal at David, Kentucky and to serve as a prototype or design fabrication for the manufacture and sale of additional 'coal washing machines of similar design.'
 
 
 17
 We the jury agree and find from the evidence that the agreement between the Plaintiff and Defendant was for a one-half interest in the design and manufacture of one coal washing machine at David, Kentucky, and there was no other agreement as to the manufacture, distribution and sale of additional machines of similar design.
 
 
 18
 TR. at 263-64.
 
 
 19
 The decision of a trial judge to deny a motion for a new trial should be reversed only on the showing of an abuse of discretion. Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1573 (6th Cir. 1985), cert. denied, 106 S. Ct. 3335 (1986). We believe that the court did not abuse its discretion in denying appellant's motion for a new trial. The instructions summarize adequately appellant's theory that it was entitled to an equitable interest in the patent on the machine on the basis of an agreement between it and appellee that the money advanced would be used toward the development and marketing of portable coal washing machines. Even if appellee used the knowledge and expertise gained from the design and construction of the machine at the David site, appellant would not be entitled to an equitable interest in the patent absent such an agreement.
 
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation